UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEIDI BECKER, MEDEA BENJAMIN, PHIL
DONAHUE, MARK DUNLEA, ANNE
GOEKE, ELIZABETH HORTON SCHEFF,
RALPH NADER, JAMES O'KEEFE, SUSAN
SARANDON, NADER 2000 PRIMARY
COMMITTEE, INC., ASSOCIATION OF
STATE GREEN PARTIES and GREEN
PARTY USA,

        Plaintiffs,

    v.

FEDERAL ELECTION COMMISSION,

        Defendant.

Civil Action No.

**00CV 11192MLW**

## COMPLAINT

1.  This is a lawsuit challenging regulations adopted by the Federal Election

Commission ("FEC"), found at 11 C.F.R. §§ 110.13 and 114.4(f) (the "Debate

Regulations"). The Debate Regulations permit corporations to make contributions and

expenditures to sponsor federal candidate debates in violation of the Federal Election

Campaign Act ("FECA"). FECA prohibits corporations from making contributions or

expenditures in connection with a federal election. The FEC's unlawful Debate

Regulations have allowed business corporations to make unlimited contributions in the

millions of dollars to support debates between the presidential candidates of the two

major parties that exclude independent and ballot-qualified third party candidates. The

corporate contributions sanctioned by the FEC's unlawful Debate Regulations are illegal

corporate contributions in connection with the campaigns of the presidential candidates invited to participate in the debates.

## Jurisdiction And Venue

2.   This action arises under the Federal Election Campaign Act ("FECA"), 2 U.S.C. §§ 431 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-706, and the Declaratory Judgment Act, 28 U.S.C. § 2201.  The jurisdiction of this Court is conferred by 28 U.S.C. § 1331.

3.   Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(e) because the defendant is a United States agency, two of the plaintiffs reside in this District and no real property is involved in this action.

## Parties

4.   Plaintiff Heidi Becker is a resident of Boston, Massachusetts.  She is a registered Independent voter who participated in the Massachusetts Democratic Primary in March 2000.  Ms. Becker, an undergraduate student at the University of Massachusetts-Boston, has not yet decided to whom she will cast her vote for President in the upcoming general election.  She has determined, however, that she will not vote for either Vice-President Al Gore or Governor George W. Bush.

5.   Plaintiff Medea Benjamin is currently a candidate for the United States Senate from California, running as the California Green Party's nominee.  Ms. Benjamin won the California Green Party's nomination following a contested party primary in March 2000.  She is a resident of San Francisco, California, and a registered Green Party voter.  Ms. Benjamin intends actively to campaign and vote for the Green Party's presumptive nominee for President, Ralph Nader.

2

6.   Plaintiff Elizabeth Horton Scheff is an elected member of the Hartford City Council in Hartford, Connecticut.  She is a resident and registered Green Party voter in Hartford and an active member of the Connecticut Green Party.  Ms. Horton Scheff intends actively to campaign for the Green Party's presumptive nominee for President, Ralph Nader, and will vote for Mr. Nader in November.

7.   Plaintiff Ralph Nader is a candidate for President of the United States running for the Green Party nomination.  He is expected to receive that party's nomination at its national convention in Denver, Colorado, which begins on June 23, 2000.  Mr. Nader is actively seeking general election ballot access for his candidacy in all 50 states.  He is already ballot-certified in 13 states and the District of Columbia.  Mr. Nader is a nationally-recognized advocate for the public interest.  He is a resident and registered voter in the state of Connecticut.

8.   Plaintiff Nader 2000 Primary Committee, Inc. ("Nader 2000") is the principal campaign committee for Ralph Nader's candidacy for President in the 2000 primary elections.  Nader 2000 is a non-profit corporation organized under the laws of the District of Columbia and maintains its headquarters in Washington, D.C., with staff, field operations and volunteers across the nation.

9.   Plaintiff Phil Donahue is a co-chair of the National Steering Committee of Nader 2000.  Mr. Donahue is a resident of Westport, Connecticut and a registered Democratic voter.  Mr. Donahue intends to campaign actively for Ralph Nader and will vote for Mr. Nader in November.

10. Plaintiff Susan Sarandon is a co-chair of the National Steering Committee of Nader 2000.  Ms. Sarandon is a resident of New York, New York and a registered

Democratic voter.  Ms. Sarandon intends to campaign actively for Ralph Nader and will vote for Mr. Nader in November.

11. James O'Keefe is a co-chair of the Massachusetts Green Party.  Mr. O'Keefe is a resident of Somerville, Massachusetts, and a registered Green Party voter.  Mr. O'Keefe intends to campaign actively for the Green Party's presumptive nominee for President, Ralph Nader, and will vote for Mr. Nader in November.

12. Plaintiff Association of State Green Parties ("ASGP") is an unincorporated association of state Green Party organizations from 25 states.  ASGP has its principal offices in Boulder, Colorado.  ASGP is hosting the Green Party's national convention in Denver, Colorado, from June 23 to 25, 2000.  Following the  convention, ASGP will be actively engaged throughout the country in promoting the candidacy of its presumptive nominee for President, Ralph Nader.

13. Plaintiff Anne Goeke is a resident of Lancaster, Pennsylvania.  She is a registered Green Party voter, an elected representative of the Green Party of Pennsylvania, and an elected co-chair of the steering committee of ASGP.  Following the Green Party's national convention, Ms. Goeke intends actively to campaign for the party's presumptive nominee for President, Ralph Nader, and will vote for Mr. Nader in November.

14. Plaintiff Green Party USA ("GPUSA") is incorporated under the laws of Missouri, with its principal office in Lawrence, Massachusetts.  GPUSA represents Green Party voters from across the United States as well as five state Green Party organizations which are also represented by ASGP.  Following the Green Party's national convention,

GPUSA will be actively engaged throughout the country in promoting the candidacy of the party's presumptive nominee for President, Ralph Nader.

15. Plaintiff Mark Dunlea is a resident of Poestenkill, New York, and a registered Green Party voter. He is the former state secretary of the Green Party of New York and an active member of GPUSA. Following the Green Party's national convention, Mr. Dunlea intends to campaign actively for the party's presumptive nominee for President, Ralph Nader, and will vote for Mr. Nader in November.

16. Defendant Federal Election Commission is a federal agency created under the statutory authority of FECA, 2 U.S.C. § 437c. The FEC is responsible for ensuring compliance with FECA, including FECA's prohibition on corporate contributions and expenditures in connection with campaigns for federal office.

## The FEC's Unlawful Debate Regulations

17. FECA provides that "[i]t is unlawful ... for any corporation whatever ... to make a contribution or expenditure in connection with any election" for the office of President, Vice-President, Senator or Member of Congress. 2 U.S.C. § 441b(a). The FEC's Debate Regulations nevertheless allow a nonprofit corporation to stage candidate debates and to "use its own funds" and "accept funds donated by corporations or labor organizations " for federal candidate debates. 11 C.F.R. §§ 110.13(a) and 114.4(f)(1). The Debate Regulations also allow corporations to donate funds to nonprofit organizations qualified under 11 C.F.R. § 110.13(a)(1) to stage debates. 11 C.F.R. § 114.4(f)(3).

18. A contribution or expenditure to help stage a federal candidate debate is a contribution or expenditure "in connection with" a federal election. FECA does not

allow any corporate contributions or expenditures to be made to help stage federal candidate debates. The Debate Regulations therefore create an illegal exemption to FECA's prohibition against corporate contributions and expenditures in connection with campaigns for federal office.

19. The Debate Regulations, 11 C.F.R. §§ 110.13 and 114.4(f), exceed the FEC's statutory authority under FECA and are otherwise not in accordance with law.

20. In November 1985, the respective chairmen of the Democratic and Republican National Committees, Paul G. Kirk, Jr. and Frank J. Fahrenkopf, Jr., agreed that the two major parties would work together to sponsor presidential debates. They proposed to replace the debates previously sponsored by the League of Women Voters with "nationally televised joint appearances conducted between the presidential and vice-presidential nominees of the two major political parties during general election campaigns."

21. Fifteen months later, the Democratic and Republican Parties jointly announced the incorporation of the Commission on Presidential Debates ("CPD"), an organization controlled by the Democratic and Republican National Committees. They declared that the CPD is a "bipartisan" organization formed to implement joint sponsorship of general election debates by the national Democratic and Republican Committees "between their respective nominees."

22. The CPD staged all of the presidential debates in 1988, 1992 and 1996 and is expected to stage all of the presidential debates this year.

23. The CPD has solicited and raised millions of dollars from for-profit corporations to help it stage its presidential debates. The corporate sponsors of its 1992 debates included: AT&T, Atlantic Richfield, Ford Motor Company, IBM, J.P. Morgan & Co. and Philip Morris Companies, Inc. The corporate sponsors of its 1996 debates included: Anheuser-Busch, Lucent Technologies, Philip Morris Companies, Inc., Sara Lee Corporation and Sprint Corporation.

24. The CPD has announced that Anheuser-Busch will serve as one of the national financial sponsors for its 2000 presidential debates, as well as the sole national financial sponsor of CPD's scheduled October 17, 2000 presidential debate in St. Louis, Missouri. Anheuser-Busch will pay $550,000 to underwrite the upcoming St. Louis debate.

25. Upon information and belief, the CPD has raised and is continuing to raise additional corporate contributions for its presidential and vice-presidential debates.

26. The CPD's presidential debates have become a critical part of the overall presidential election process. The CPD's own website describes the debates "as a permanent part of every general election." The CPD's debates are nationally televised and watched by tens of millions of American voters. In fact, the CPD's presidential debates have been the only nationally televised debates in the last three general elections. Tens of millions of voters have turned to the debates as the primary source of their information about the candidates competing for election and have based their balloting decisions on the televised debates.

27. The CPD has adopted rules to determine who will be permitted to participate in the presidential debates it stages. Under CPD current rules, both plaintiff Ralph Nader

and Reform Party candidate Patrick Buchanan are likely to be excluded from the presidential debates, even though a majority of American voters want to hear both of these candidates in the debates.

28. Corporate contributions made to the CPD and expenditures by the CPD to stage the presidential debates are corporate contributions and expenditures made "in connection with" campaigns for the presidency. By allowing the CPD and major corporations to make these corporate contributions and expenditures, the FEC has exceeded its statutory authority.

29. Plaintiffs have been and will be harmed and aggrieved if the FEC's Debate Regulations are allowed to continue to permit millions of dollars in corporate money to be used to showcase the candidacies of major party candidates participating in the presidential debates staged by the CPD.

30. Plaintiff Nader is harmed and aggrieved by the FEC's Debate Regulations because the regulations permit illegal corporate money to be used to support debates between major party candidates that exclude independent and third party candidates. These debates corrupt the political process, undermine plaintiff Nader's campaign for the presidency and deny Nader his right fairly to compete for the presidency on a level playing field.

31. Plaintiffs Benjamin, Donahue, Dunlea, Goeke, Horton Scheff, O'Keefe and Sarandon are harmed and aggrieved as voter-supporters of the Nader candidacy. The corporate money used to support Mr. Nader's opponents under the Debate Regulations skews the presidential election, devalues plaintiffs' participation in the Nader campaign,

8

dilutes their vote and impedes their ability to hear and advance political viewpoints that differ from the platforms of the two major party candidates.

32. Plaintiff Nader 2000 is harmed and aggrieved as the campaign organization spearheading the Nader candidacy. The corporate money used unlawfully to support Mr. Nader's opponents who will be able to participate in the debates degrades the campaign's efforts to spread Mr. Nader's electoral message, denies the campaign a fair opportunity to build support for an alternative candidate and party, and denies Mr. Nader and his supporters their right fairly to compete for the presidency against the two major party candidates.

33. Plaintiffs ASGP and GPUSA are harmed and aggrieved as the Green Party organizations promoting the candidacy of the Green Party's presumptive nominee for President, Ralph Nader. The Nader candidacy is vital to the efforts by ASGP and GPUSA to build a viable third party based on progressive principles. The corporate money used to support Mr. Nader's opponents who will be able to participate in the presidential debates tilts the electoral playing field, impairs plaintiffs' party-building efforts, undermines their support of Mr. Nader's candidacy and unfairly confers legitimacy on the two major party candidates.

34. Plaintiff Becker is harmed and aggrieved as an undecided voter who is determined not to cast her vote for either Vice-President Al Gore or Governor George W. Bush. The corporate money used to support the major party presidential candidates who will be able to participate in the debates corrupts the political process, distorts public discussion of the issues and denies voters such as plaintiff Becker of their right to hear

the positions of competing candidates who have been and will be excluded from the debates.

35. The FEC's unlawful Debate Regulations have deprived all of the plaintiffs of their right to participate in presidential elections that are free of the corrupting influence of illegal corporate contributions.

### Requested Relief

Plaintiffs respectfully request the following relief:

A.   That the Court enter a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706, that 11 C.F.R. §§ 110.13 and 114.4(f) are in excess of the statutory authority of the FEC under FECA and otherwise not in accordance with law and vacate the FEC's Debate Regulations.

B.   That the Court enter a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706, that FECA does not permit an organization staging a federal candidate debate to use its own corporate funds or to accept funds donated by corporations or labor organizations in connection with any federal candidate debate.

C.   That the Court preliminarily and permanently enjoin the FEC from relying in any way upon the provisions in 11 C.F.R. §§ 110.13 and 114.4(f) that permit corporate contributions or expenditures of any kind to be made to or by any organization staging a federal candidate debate.

D.   That the Court preliminarily and permanently enjoin the FEC to enforce FECA's prohibition against the use of corporate money in the staging of federal candidate debates.

E.    That the Court grant such other relief as it deems just and proper.

By their attorneys,


_John C. Bonifaz_
John C. Bonifaz (BBO #562478)
Gregory G. Luke (BBO #600204)*
NATIONAL VOTING RIGHTS INSTITUTE
294 Washington Street, Suite 713
Boston, MA 02108
(617) 368-9100

Of counsel:

Jamin B. Raskin
Professor of Law
American University
Washington College of Law
4801 Massachusetts Avenue, NW
Washington, D.C. 20016
(202) 274-4011

_Scott P. Lewis_
Scott P. Lewis (BBO #298740)
PALMER & DODGE LLP
One Beacon Street
Boston, MA 02108-3190
(617) 573-0100


Dated:  June 19, 2000

---

* Mr. Luke's application for admission to the bar of this Court is currently pending.