

FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

July 18, 2000

BY FEDERAL EXPRESS OVERNIGHT DELIVERY

| | |
|---|---|
| Hon. Mark L. Wolf | Hon. Nancy Gertner |
| United States District Judge | United States District Judge |
| U.S. Courthouse | U.S. Courthouse |
| One Courthouse Way | One Courthouse Way |
| Boston, MA 02210 | Boston, MA 02210 |

    Re:    Heidi Becker, et al. v. Federal Election Commission,
             No. 00-CV-11192 MLW (filed June 19, 2000)

Your Honors,

      We have received, by facsimile and U.S. Mail, a copy of the July 14, 2000, letter delivered to Judge Gertner by John C. Bonifaz of the National Voting Rights Institute, counsel for the plaintiffs in the above-captioned lawsuit. As plaintiffs have sought the assistance of the Court in promptly scheduling argument on their motion for a preliminary injunction, we wish to advise the Court of an additional filing which affects the appropriate time at which plaintiffs' motion should be heard. We have today discussed with Mr. Gregory Luke of the National Voting Rights Institute, as required under Local Civil Rule 7.1(a)(2), the Federal Election Commission's intention to file a motion to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1), and Mr. Luke stated that plaintiffs will oppose the Commission's motion to dismiss. The Commission's motion will be served and filed together with its opposition to the plaintiffs' motion for a preliminary injunction.

      As the motion to dismiss will address serious jurisdictional flaws in plaintiffs' lawsuit, and questions of the Court's jurisdiction should be resolved before proceeding to issue any injunctive relief, the Commission's motion should be heard prior to or concurrently with any hearing on plaintiffs' preliminary injunction motion. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). While Commission counsel agreed not to object to a request by plaintiffs that their motion be heard at the Court's earliest convenience after briefing was completed, we did not, and do not, agree that it calls for emergency treatment or consideration by a different judge. According to published accounts, there are no debates in the Presidential or Vice-Presidential races scheduled to occur before early October of this year. Accordingly, despite plaintiffs' understandable desire to have their motion "promptly addressed,"

there is no need for emergency treatment or to set the matter for hearing too quickly to permit adequate consideration of the briefs by the Court. If plaintiffs believe that illegal corporate expenditures are occurring in the interim, the Federal Election Campaign Act provides an administrative enforcement process that is the exclusive remedy for such alleged violations of the Act. See 2 U.S.C. 437c(b)(1), 437d(e), 437g. Thank you for your consideration.

Respectfully,

Erin K. Monaghan

cc: John C. Bonifaz (by facsimile and U.S. Mail)
Gregory G. Luke (by facsimile and U.S. Mail)
Scott P. Lewis (by facsimile and U.S. Mail)
Clerk of the Court (by Federal Express overnight delivery, for filing)